IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-136-BO

| | | |
|---|---|---|
| EDWIN J. JOLLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNIVERSITY OF NORTH CAROLINA | ) | |
| AT WILMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons set forth herein, the Motion is GRANTED in part.

INTRODUCTION

Plaintiff Edwin Jolly worked for the University of North Carolina at Wilmington ("UNCW") in various capacities dealing with information technology for approximately twenty two years. He claims that his employment was terminated on the basis of his religion, age, and race. He also claims that his rights to due process, equal protection, and free speech were violated. The Defendant filed the instant Motion to Dismiss on November 30, 2009. The Plaintiff responded on December 17, 2009. The Defendant replied on December 22, 2009. The Motion is now ripe for ruling.

DISCUSSION

Plaintiff's complaint sets forth claims for violations of Title VII, 42 U.S.C. § 2000e, *et seq*, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29

U.S.C. § 621, *et seq*, and N.C. Gen. Stat. § 126-16, violations of 42 U.S.C. § 1981, denial of due process, denial of equal protection, and violation of freedom of speech. The Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Although specificity is not required, a complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

## I. Title VII, ADEA, and State Law Discrimination Claims

The Defendant has withdrawn the Motion to Dismiss with respect to Plaintiff's claims for discrimination based on age, race, and religion in violation of Title VII, the ADEA, and N.C. Gen. Stat. § 126-16. As such, these claims may proceed.

## II. Section 1981 and Constitutional Claims

This Court lacks jurisdiction to adjudicate Plaintiff's claims for damages pursuant to § 1983 for violations of § 1981, denial of due process, denial of equal protection, and denial of free speech. As the Fourth Circuit Court of Appeals explained in *Huang v. Board of Governors of University of North Carolina*, the State Universities of North Carolina, "as alter egos of the state,

-2-

[] are not 'persons' within the meaning of § 1983." 902 F.2d 1134 (4th Cir. 1990) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). As such, the Eleventh Amendment bars these claims for damages pursuant to § 1983. *See Will*, 491 U.S. 58; *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Moreover, 42 U.S.C. § 1983 provides the "exclusive federal remedy for violation of the rights guaranteed in § 1981." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). As such, the plaintiff must allege a policy or custom of discrimination in order to successfully pursue such a claim. *Id.* Plaintiff cites *Ford v. City of Rockford*, 1992 WL 309603 (N.D. Ill. Oct. 15, 1992), in support of the proposition that Civil Rights Act of 1991 overruled *Jett*. But the Fourth Circuit Court of Appeals specifically rejected this argument and held that *Jett* remains controlling in *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) ("We do not believe that this aspect of *Jett* was affected by the Civil Rights Act of 1991"). Therefore, Plaintiff's § 1981 claims must also be dismissed because Plaintiff's complaint does not offer a facially plausible claim of a policy or custom of discrimination.

It should also be noted that Plaintiff's allegations of denial of due process fail to state a claim. Plaintiff claims that the guidelines for the termination of a UNCW employee in the UNCW employee manual are unconstitutionally vague and that he was deprived of his liberty during leave from work while an investigation occurred. But the manual is not vague. The manual provides that UNCW employees may be terminated for just cause. "Just cause" is defined to include the subheading of "unacceptable personal conduct." Such conduct includes "conduct unbecoming a State employee that is detrimental to State service" among other behaviors such as falsifying documents. *See Allen v. City of Greensboro, N.C.*, 452 F.2d 489

-3-

(4th Cir. 1971) ("The district court also concluded that the [police department's] regulation prohibiting conduct 'unbecoming an officer and a gentleman' was not unconstitutionally vague under the due process clause of the Fourteenth Amendment. We affirm."). And Jolly was not forced to remain in his home during his paid leave. Rather, Jolly was told to be available by telephone during business hours.

### III. State Law Tort Claims

The Complaint also sets forth the state law tort claims of defamation, invasion of privacy, and intentional infliction of emotional distress. But North Carolina has not waived sovereign immunity for intentional torts. *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005) (citing *Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill*, 152 N.C. App. 163 (2002)). Therefore, Defendant's Motion to Dismiss is GRANTED with respect to Plaintiff's state law tort claims.

### CONCLUSION

Therefore, Defendant's Motion to Dismiss is GRANTED in part. Plaintiff's claims for discrimination based on age, race, and religion in violation of Title VII, the ADEA, and N.C. Gen. Stat. § 126-16 may proceed. Plaintiff's remaining claims are DISMISSED.

SO ORDERED, this _18_ day of May, 2010.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-4-