IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-136-BO

| | |
|---|---|
| EDWIN J. JOLLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNIVERSITY OF NORTH CAROLINA ) | |
| AT WILMINGTON, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 24]. For the reasons discussed below, Defendant's Motion for Summary Judgment is granted.

BACKGROUND

Plaintiff Edwin Jolly worked for the University of North Carolina at Wilmington ("UNCW" or Defendant) in various capacities dealing with information technology for approximately twenty two years. This matter arises out of Plaintiff's alleged discussions and a dispute regarding a new email system at UNCW. Following a pre-disciplinary conference, Plaintiff was placed on paid, administrative leave so that Defendant could more fully investigate the matter. Shortly following his placement on administrative leave, and prior to the occurrence of a follow-up pre-disciplinary conference about which Plaintiff was aware, Plaintiff notified Defendant of his retirement, effective immediately.

Plaintiff's complaint in this matter alleged that his employment was terminated on the basis of his religion, age, and race and that his rights to due process, equal protection, and free

speech had been violated. The Defendant moved to dismiss and by order filed May 19, 2010, this Court dismissed all but Plaintiff's claims for discrimination based on age, race, and religion in violation of Title VII, the ADEA, and N.C. Gen. Stat. §126-16 [DE 10]. The case proceeded through discovery and Defendant filed for summary judgment on all of Plaintiff's remaining claims. In his response to Defendant's motion, Plaintiff elected to abandon his claims for discrimination based on religion and his claim under N.C. Gen. Stat. §126-16 [DE 26 at n. 3], leaving this Court to decide whether summary judgment is appropriate as to Plaintiff's remaining claims for racial and age discrimination in violation of Title VII and the ADEA.

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and in response to Plaintiff's contention that he had difficulty obtaining affidavits from his former co-workers, the Court allowed Plaintiff additional time in which to obtain and file additional affidavits or other evidence in support of his opposition to summary judgment. Plaintiff was then granted further time within which to file evidence, and on November 18, 2011, Plaintiff filed his own affidavit in support of his opposition to summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a

2

Case 7:09-cv-00136-BO   Document 38   Filed 12/08/11   Page 2 of 7

trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

**Title VII**

Plaintiff claims that Defendant committed reverse racial discrimination against him. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against their employees based on, *inter alia*, race. 42 U.S.C. § 2000e-2(a)(1). A plaintiff may pursue a Title VII claim through either a mixed-motive framework or a pretext framework by satisfying the *McDonnell-Douglas* burden shifting analysis. Regardless of which framework is analyzed, "the ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000).

Under a mixed-motive framework, a plaintiff may present direct or circumstantial evidence to show that racial discrimination was a motivating factor in the employer's adverse employment decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). The proof must be sufficient such that a reasonable jury could conclude that race was the motivating factor for the employment practice. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003).

Under the *McDonnell-Douglas* burden shifting analysis applied in a pretext framework, a plaintiff must show (i) that he belongs to a protected class; (ii) satisfactory job performance; (iii)

3

an adverse employment action by his employer; and (iv) different treatment from similarly situated employees outside the protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If these four criteria are met, the plaintiff has established a *prima facie* case and the burden shifts to the defendant. It is then the defendant's burden "to articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas,* 411 U.S. at 802. If the employer meets this burden, the plaintiff is given the opportunity to show that the presumptively legitimate reason offered by the defendant is in fact pretext for an underlying discriminatory motive. *Id.* at 804.

Here, Plaintiff has failed to present sufficient direct or circumstantial evidence of racial discrimination, and so must proceed under the *McDonell-Douglas* burden shifting analysis. Plaintiff has shown that he is a member of a protected class and that his job history was satisfactory. Plaintiff has not presented sufficient evidence, however, to show that he suffered an adverse employment action or that he was treated differently from other similarly situated employees outside the protected class.

Adverse employment actions include those that "constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. at 761 (1998). The only employment action about which Plaintiff complains as adverse is his retirement following his placement on paid, administrative leave. Plaintiff contends that his retirement was forced as a result of Defendant's longstanding pattern of treatment toward him and rumors that he had heard regarding what actions Defendant might take in the future.

4

"An employee is entitled to relief absent a formal discharge" if he can show that he was forced to retire or constructively discharged. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 186 (4th Cir. 2004). In order to establish a claim of constructive discharge, a plaintiff must show that his employer deliberately made his working conditions so objectively intolerable as to force the plaintiff to quit. *See Munday v. Waste Mgmt. of N.A., Inc.*, 126 F.3d 239, 244 (4th Cir. 1997). Plaintiff has offered no evidence that, even when viewed in the light most favorable to him, would tend to show that Defendant deliberately made Plaintiff's working conditions objectively intolerable. In fact, there is evidence in the record to show that Defendant accommodated Plaintiff after a prior dispute so that he would avoid disciplinary action. Finally, while Plaintiff has pointed to his feeling that his supervisors were determined that he leave,

> the law does not permit an employee's subjective perceptions to govern a claim of constructive discharge. Every job has its frustrations, challenges and disappointments; these inhere in the nature of work. An employee is protected from a calculated effort to pressure him into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by his co-workers. He is not, however, guaranteed a working environment free of stress.

*Honor*, 383 F.3d at 187.

Additionally, Plaintiff has come forward with no evidence, aside from his own testimony, to show that he was treated differently from other similarly situated employees outside his protected group. Plaintiff contends that the mere possibility that evidence supporting his allegation exists should be enough to defeat summary judgment, but on this matter Plaintiff is not correct. It is well settled that "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]" in order to defeat summary judgment. *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). The possibility that evidence exists is simply an insufficient basis on which to allow Plaintiff to proceed.

5

Accordingly, Plaintiff has failed to establish a prima facie case of racial discrimination and Defendant is entitled to summary judgment as to Plaintiff's Title VII claim.

## ADEA

Plaintiff has also failed to establish material facts that remain in dispute such that his ADEA claim would survive summary judgment. The ADEA prohibits employers from discriminating against their employees as to compensation, terms, conditions, or privileges of employment on the basis of their age. 29 U.S.C. § 623(a)(1). A plaintiff must show "by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Servs.*, __ U.S. __, 129 S. Ct. 2343, 2351 (2009). "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352.

As Plaintiff has presented no direct evidence that age was the 'but-for' reason for the challenged decision of Defendant, Plaintiff must proceed under the *McDonnell-Douglas* burden shifting analysis in order to show circumstantial evidence of age discrimination. *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004). Plaintiff must first establish a *prima facie* case of age discrimination by showing he is a member of the protected class (40 years or older), that he suffered an adverse employment action, that he was performing his job to his employer's satisfaction at the time of the adverse action, and that his position remained open or he was replaced by a substantially younger person. *See Bodkin v. Town of Strasburg*, 386 Fed. App'x 411, 413-14 (4th Cir. 2010) (citing *Hill v. Lockheed Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004)). If Plaintiff can establish a *prima facie* case, the burden then shifts to the

Defendant to show a legitimate, non-discriminatory reason for its actions. *Mereish*, 359 F.3d at 334. Upon so doing, the burden then shifts back to Plaintiff to show that the Defendant's offered reason was merely pretext for discrimination. *Id.*

Plaintiff is more than forty years of age and is therefore a member of the protected class, and there is evidence to support that prior to the incident at issue Plaintiff had performed his job satisfactorily. As discussed above, however, Plaintiff's voluntary retirement does not constitute an adverse employment action for purposes of Title VII or the ADEA. Additionally, Plaintiff has not come forward with evidence that his position either remained open or that he was replaced with a substantially younger employee following his retirement. Plaintiff's deposition reflects that he did not know who replaced him or whether he was replaced, and although he was given additional time within which to procure such evidence, Plaintiff has failed to do so. Accordingly, Plaintiff has failed to make a *prima facie* showing of age discrimination, and Defendant is therefore entitled to summary judgment on that claim.

## CONCLUSION

Because Plaintiff has failed to make a *prima facie* showing as to either of his remaining claims, Defendant's Motion for Summary Judgment is GRANTED. All other pending motions are DENIED AS MOOT.

SO ORDERED, this **7** day of December, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE